# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ELLIOTT MANAGEMENT CORPORATION,<br><br>    Appellant,<br><br>  v.<br><br>PG&E CORPORATION, *et al.*,<br><br>    Appellees. | Case No. 4:20-cv-07865-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION OF REORGANIZED DEBTORS TO CONSOLIDATE CERTAIN BANKRUPTCY APPEALS** |
| CANYON CAPITAL ADVISORS LLC, *et al.*,<br><br>    Appellants,<br><br>  v.<br><br>PG&E CORPORATION, *et al.*,<br><br>    Appellees. | Case No. 4:20-cv-07911-HSG |
| PACIFIC INVESTMENT MANAGEMENT COMPANY LLC,<br><br>    Appellant,<br><br>  v.<br><br>PG&E CORPORATION, *et al.*,<br><br>    Appellees. | Case No. 4:20-cv-07912-HSG |

WHEREAS, the notice of appeal filed by Elliott Management Corporation, on behalf of itself and certain funds and accounts managed, advised, or sub-advised by it ("Elliott"), was docketed on November 10, 2020 in the case captioned 4:20-cv-07865-HSG (the "Elliott Appeal");

WHEREAS, the notice of appeal filed by Canyon Capital Advisors LLC, Citadel Advisors LLC, Davidson Kempner Capital Management LP, Farallon Capital Management, L.L.C., Sculptor Master Fund, Ltd., Sculptor Enhanced Master Fund, Ltd., Sculptor Credit Opportunities Master Fund, Ltd., Sculptor GC Opportunities Master Fund, Ltd., Sculptor SC II, LP, and Värde Partners, Inc., on behalf of themselves, and/or certain funds and accounts managed, advised, or sub-advised by them (the "Additional Noteholder Group"), was docketed on November 10, 2020 in the case captioned 4:20-cv-07911-HSG (the "Additional Noteholder Appeal");

WHEREAS, the notice of appeal filed by Pacific Investment Management Company LLC, as investment adviser or manager for certain funds and accounts ("PIMCO" and, together with Elliott and the Additional Noteholder Group, the "Appellants"), was docketed on November 10, 2020 in the case captioned 4:20-cv-07912-HSG (the "PIMCO Appeal" and together with the Elliott Appeal and the Additional Noteholder Appeal, the "Appeals");

WHEREAS, on December 7, 2020, PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "Reorganized Debtors"), filed the *Administrative Motion of Reorganized Debtors to Consolidate Certain Bankruptcy Appeals* (the "Motion"), requesting that the Appeals be administratively consolidated and the parties be directed to submit consolidated briefing;

ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE
MOTION OF REORGANIZED DEBTORS TO CONSOLIDATE CERTAIN BANKRUPTCY APPEALS
Case No. 4:20-cv-07865-HSG; Case No. 4:20-cv-07911-HSG; Case No. 4:20-cv-07912-HSG

1

WHEREAS, on December 11, 2020, Appellants filed the *Appellants' Joint Limited Opposition to Administrative Motion of Reorganized Debtors to Consolidate Certain Bankruptcy Appeals* (the "Limited Opposition"), in which Appellants (i) stated that they do not oppose the Reorganized Debtors' request to consolidate the three Appeals for administrative purposes, and (ii) opposed the Reorganized Debtors' request for the Court to order consolidated briefing;

WHEREAS, this Court having reviewed the Motion and the Limited Opposition, and after due deliberation thereon and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED in part and DENIED in part as set forth herein.

2. The cases captioned 4:20-cv-07865-HSG, 4:20-cv-07911-HSG, and 4:20-cv-7912-HSG are hereby consolidated for administrative purposes into the earlier filed case: Case No. 4:20-cv-07865-HSG.

3. The earlier-filed case, Case No. 4:20-cv-07865-HSG, shall serve as the lead case for the Appeals. The clerk is directed to administratively close the two later-filed cases, Case Nos. 4:20-cv-07911-HSG and 4:20-cv-7912-HSG. All future filings should be done in the lead case (Case No. 4:20-cv-07865-HSG) only and should be captioned "In Re Elliott Management Corp. v. PG&E Corp."

4. The Reorganized Debtors' request to order consolidated briefing is DENIED.

5. Each of the Appellants shall be permitted to submit separate principal briefs and reply briefs, as applicable, and such briefs shall comply with the length limitations set forth in Fed. R. Bankr. P. 8015(a)(7) and 8015(g); provided, however, that if Appellants submit separate principal briefs, the Reorganized Debtors are

granted leave to submit a response brief not to exceed the total length (calculated in accordance with Fed. R. Bankr. P. 8015(a)(7) and 8015(g)) of the principal briefs submitted on behalf of Appellants.

Dated: 2/5/2021

The Honorable Haywood S. Gilliam, Jr.
United States District Judge